### HEGEWISCH v. SILVER.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. REVIEW ON APPEAL—NEW TRIAL.
   A motion to dismiss a complaint, made on several grounds. was denied, whereupon an additional ground was added, and the motion was reargued and granted. *Held* that, on appeal, any of the grounds stated, if well taken, was sufficient to justify the ruling, since the order was not expressly based on the ground last stated.

2. RECEIVER—RIGHT TO SUE—PROOF OF GIVING BOND.
   In an action brought by a receiver of a corporation, appointed by an order of court, which makes his giving bond a condition precedent to his taking and holding possession of the property, the omission to prove that he gave bond as receiver is fatal to his right to recover.

Appeal from circuit court, New York county.

Action by Adolfo Hegewisch, as receiver of the property of the United States Rolling Stock Company, against John S. Silver, upon a note indorsed by defendant. At the trial the complaint was dismissed. From an order granting a new trial, on the minutes of the judge, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Reed & McKewan, (J. H. McKewan, of counsel,) for appellant.

Seward, Guthrie & Morawetz, (Chas. Steele and W. D. Guthrie, of counsel,) for respondent.

VAN BRUNT, P. J. In consequence of the manner in which this case was tried and the appeal book came up, it is somewhat difficult to determine what questions are before the court upon this appeal; but we do not think there is any doubt as to the authority of the court to entertain the motion for a new trial, as it seems to be authorized by section 999 of the Code of Civil Procedure, upon the exceptions taken at the trial. That section provides that the judge presiding at a trial by a jury may, in his discretion, entertain a motion made upon his minutes at the same term to set aside a verdict or a direction dismissing the complaint, and granting a new trial upon exceptions. The granting of a new trial necessarily includes the setting aside of a verdict, if one has been rendered, or the setting aside of a direction dismissing the complaint, if that has been the result of the trial; and therefore the motion for new trial embraces all that the section authorizes. It is claimed, however, by the counsel for the respondent that the only question before this court is whether or not the court erred in dismissing the complaint upon the last ground specified by the counsel for the defendant at the close of the plaintiff's case. It is true that the record shows that various grounds for dismissal were stated, and that the ruling of the court then was that the motion be denied. The counsel then added an additional ground for dismissal, and it appears that the counsel for the plaintiff argued in opposition to the motion to dismiss generally, without any limitation, and the motion to dismiss was finally granted, and an exception taken by plaintiff. We cannot see from this record that the motion was necessarily founded upon or limited to the last-mentioned ground. The court evidently reconsidered its previous ruling, and decided to dismiss the complaint. Therefore any of the grounds stated, if well taken, were sufficient to justify the ruling.

This action was brought by a receiver appointed by the United States court. The order appointing the receiver provided, as a condition precedent of his taking and holding possession of the property of which he was appointed receiver, that he should file a bond. There was no evidence in the case whatever that the receiver, plaintiff, ever filed any bond; and that was one of the grounds for the dismissal. It was expressly held by the court of appeals in Re Christian Jensen Co., 128 N. Y. 550, 28 N. E. Rep. 665, that a receiver cannot interfere with the property of which he is appointed receiver until after he has filed his bond.

A large number of cases are cited for the purpose of showing that this failure of proof was not fatal to the plaintiff's right to recover; but in each of these cases it will appear upon examination that there was an attempt to comply with the law, but, because of some irregularity in the bond, it was claimed that no sufficient bond had been filed to comply with the law. In the case at bar there is no proof whatever of any attempt to comply with the requirements of the order appointing the receiver, in respect to the filing of a bond, which was a prerequisite to his having any authority whatever to assume the office of receiver, by the very terms of the order appointing him.

Reference is made to some statement contained in the case in regard to what the plaintiff's counsel stated, upon the argument of this motion, had occurred during the trial, and what he understood and assumed at the trial ; but this memorandum cannot be considered by the court, as it rightfully forms no part of the record. · We are of opinion, therefore, that the plaintiff failed to make out a case, and that the court was right in dismissing the complaint, and that the order appealed from should be reversed, with costs. All concur.